UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| Marsha Bledsoe, <br><br> Plaintiff, <br><br> – against– <br><br> LendingClub Corporation and Equifax Information Services, LLC <br><br> Defendant(s). | Civil Action No. 1:20-cv-51-LG-RHW <br><br><br> **COMPLAINT** |

## COMPLAINT

Plaintiff, Marsha Bledsoe (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, LendingClub Corporation, ("LendingClub") and Equifax Information Services, LLC, ("Equifax") alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

### PARTIES

2. Plaintiff, Marsha Bledsoe, is an adult citizen of Mississippi.
3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.
4. Defendant LendingClub is a corporation that furnishes consumer credit information to consumer reporting agencies.
5. Defendant Equifax is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an

1

action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.
7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because plaintiff is a resident of George County, Mississippi.

## FACTUAL ALLEGATIONS

8. Defendant LendingClub issued a credit account ending in 4110 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit reports.
9. The consumer reports at issue are a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.
10. On or about April 21, 2017, Plaintiff and LendingClub entered into a settlement agreement for the above referenced account. A recording of the settlement agreement is available upon request.
11. Pursuant to the terms of the settlement, Plaintiff was required to make payments totaling $7,850.32 to settle and close her LendingClub credit account.
12. Plaintiff, via her debt settlement representative timely made the requisite settlement payments. Redacted proofs of these payments are attached hereto as Exhibit A.
13. However, over a year later, Plaintiff's LendingClub account continued to be negatively reported.
14. In particular, on a requested credit report dated October 31, 2019, Plaintiff's LendingClub account was reported with a status of "CHARGE OFF," a balance of $10,181.00 and a past due balance of $2,336.00. The relevant portions of Plaintiff's credit report are attached hereto as Exhibit B.
15. This tradeline was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.
16. On or about November 26, 2019, Plaintiff, via her attorney at the time, notified Equifax directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's LendingClub account. A redacted copy of this letter and the certified mail receipts are attached hereto as Exhibit C.
17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by LendingClub to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.
18. In January of 2020, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's LendingClub account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portions of the January 2020 credit report are attached hereto as Exhibit D.
19. Equifax did not notify LendingClub of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify LendingClub and LendingClub

failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.
20. If LendingClub had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's LendingClub account would have been updated to reflect a "settled" status with a balance of $0.00.
21. Despite the fact that LendingClub has promised through its subscriber agreements or contracts to accurately update accounts, LendingClub has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.
22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.
23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.
24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.
26. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).
27. LendingClub is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.
28. LendingClub is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.
29. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.
30. LendingClub failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureau within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).
31. LendingClub failed to promptly modify the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).
32. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

33. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).
34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.
35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:
1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;
3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and
4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted, this the 7th day of February, 2020.

**MARSHA BLEDSOE**

/s/ Thomas Bellinder
Thomas Bellinder, Esquire (Bar No. 103115)
The Law Offices of Robert S. Gitmeid &
Associates, PLLC
11 Broadway, Suite 960
New York, NY 10004
(866) 707-4595
*Counsel for Plaintiff*